IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                      Case No. 19-10023-1-JWB

JOSEPH RICHARD, JR.,

        Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's motion for early termination of supervised release. (Doc. 183.) The United States Probation Office does not contest the motion but the government objects to early termination. For the reasons indicated herein, the motion is GRANTED.

**I. Background and Standard**

Defendant was charged with and pled guilty to conspiracy to possess and pass counterfeit currency in violation of 18 U.S.C. §§ 371, 471, and 472. (Doc. 122.) On July 1, 2020, he was sentenced to 12 months and 1 day to be followed by a 2-year term of supervised release. (Doc. 150.) Defendant has served 15 months of his supervised release term and now moves for early termination of supervised release.

The court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release … if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). Courts are also required by 18 U.S.C. § 3583(e) to consider the following factors set forth in § 3553(a): the nature and circumstances of the offense and the history and characteristics of the defendant; adequate deterrence; protection of the public; the need for effective education,

training, care or treatment; the sentencing guideline factors and range in effect at the time of sentencing and any subsequent amendments; the pertinent Sentencing Commission policy statements; the need to avoid unwarranted sentencing disparities between similarly-situated defendants; and the need to provide victim restitution. *United States v. Halcrombe*, No. 12-40030-JAR, 2022 WL 1421560, at *2 (D. Kan. May 5, 2022) (citations omitted); *See also United States v. Fykes*, No. 21-1222, 2022 WL 245516, at *2 (10th Cir. Jan. 27, 2022) (discussing that court is required to consider statutory factors when granting a motion for early termination but that it is unclear whether the statute requires explicit considerations of the factors when denying a motion). Whether to grant a motion to terminate a term of supervised release is a matter of sentencing court discretion. *Rhodes v. Judiscak*, 676 F.3d 931, 933 (10th Cir. 2012).

## II. Analysis

After considering the relevant factors, the court concludes the motion for early termination of supervised release should be granted. Defendant's consistent and positive recent performance on supervised release is commendable and weighs in favor of the motion. Defendant has fully complied with his conditions, has steady fulltime employment, and all drug tests have been negative. Defendant has also paid his restitution in full. This case was Defendant's first federal felony conviction and his last significant conviction was a misdemeanor possession of marijuana. Therefore, the factors warrant terminating supervised release in this case.

## IV. Conclusion

Defendant's Motion for Early Termination of Supervised Release (Doc. 183) is GRANTED.

IT IS SO ORDERED this 19th day of July 2022.

                                                ___s/ John W. Broomes_____
                                                JOHN W. BROOMES
                                                UNITED STATES DISTRICT JUDGE